UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| VICKIE THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:26-cv-00009-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Defendant. | ) | **ORDER** |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the United States' Motion to Dismiss and Plaintiff's Motion for Equitable Tolling.  [R. 5; R. 6.]  The United States asserts that Plaintiff's claims must be dismissed because she has not administratively exhausted her remedies.  [R. 5.]  Plaintiff substantively agrees with the United States, but asks that the Court hold the case in abeyance and equitably toll the case while she exhausts her administrative remedies, rather than dismiss the action.  [R. 6.]  For the reasons set forth below, the Court will **GRANT** the United States' Motion to Dismiss **[R. 5]** and **DENY** the Plaintiff's Motion to Equitably Toll.  **[R. 6.]**

**I**

Plaintiff Vickie Thomas initiated this action against Women's Care of the Bluegrass, PLLC and Mark Wainwright, D.O. on August 29, 2025, in Franklin Circuit Court.  [R. 1-1.]  Ms. Thomas alleged therein that while under the care of Women's Care of the Bluegrass and Dr. Wainwright, she received negligent care that resulted in personal injuries.  *Id.* at 6.  The action was removed to this Court on January 26, 2026. [R. 1.]  On February 5, 2026, the United States moved to be substituted as the Defendant in this action, pursuant to the Federal Supported Health

Centers Assisstance Act (FSHCAA), on the grounds that Women's Care of the Bluegrass had been deemed a "covered facility" under the FSHCAA.  [R. 3.]  The Court granted the United States' request and substituted the United States as the Defendant in this action.  [R. 4.]

The United States then moved to dismiss the Complaint, asserting that under the FSHCAA, the Federal Tort Claims Act is the exclusive remedy, and the Federal Tort Claims Act requires administrative exhaustion of remedies.  [R. 5.]  The United States further noted that Ms. Thomas has not exhausted her administrative remedies, and thus, the action must be dismissed. *Id.* at 1.  Ms. Thomas stated in response that "the substance of Defendants' Motion to Dismiss is correct," but asked the Court to hold the matter in abeyance while she exhausts her administrative remedies.  [R. 6.]  The United States replied that dismissal is proper remedy, and Ms. Thomas must bring a new action once she exhausts her administrative remedies.  [R. 7.] The matter has been fully briefed is now ripe for review.

**II**

Under the Federal Supported Health Centers Assisstance Act, health centers that receive federal funds may be "deemed" covered entities, and thus, employees of the Public Health Service.  42 U.S.C. § 233(g)(1)(A).  Employees of the "deemed" entities are similarly employees of the Public Health Service.  *Id.*  If such employees were acting in the scope of their employment at the time of the incident out of which the suit arose, the Federal Tort Claims Act is the exclusive remedy for damages for personal injury resulting from the performance of medical services.  42 U.S.C. § 233(a).  Upon certification by the United States Attorney General that the employees were acting within the scope of their employment at the time of the incident out of which the suit arose, the action must be removed to the district court where the action is pending

2

and deemed a tort action brought against the United States under the Federal Tort Claims Act. 42 U.S.C. § 233(c).

Under the Federal Tort Claims Act, a plaintiff must present an administrative claim to the appropriate federal agency and have that claim "finally denied" prior to instituting an action against the United States.  28 U.S.C. § 2675(a); *see also McNeil v. United States*, 508 U.S. 106, 112 (1993).  The Sixth Circuit has noted that the exhaustion requirement is "a 'mandatory' claims processing rule." *Bray v. Bon Secours Mercy Health, Inc.*, 97 F.4th 403, 416 (6th Cir. 2024) (quoting *Kellom v. Quinn*, 86 F.4th 288, 293 (6th Cir. 2023)).  Furthermore, the Sixth Circuit has held that "[a] plaintiff who fails to comply can't cure that failure by exhausting administrative remedies while the suit is pending: the claim must be reasserted 'in a new action.'" *Id.* (citing *McNeil*, 508 U.S. at 110-12).

Ms. Thomas agrees that this action arises under the Federal Tort Claims Act and further agrees that she has not administratively exhausted her remedies.  [R. 6 at 2.]  However, Ms. Thomas asserts that Supreme Court precedent permits equitable tolling of FTCA claims if the federal status of the clinic was not reasonably discoverable and plaintiff's counsel acted diligently.  *Id.*  Thus, she asserts that she is entitled to equitable tolling because the federal status of Women's Care of the Bluegrass was not "reasonably discoverable" and her counsel did their due diligence in investigating the status of Women's Care of the Bluegrass.  *Id.*

"Strictly defined, equitable tolling is [t]he doctrine that the statute of limitations will not bar a claim if the plaintiff, despite diligent efforts, did not discover the injury until after the limitations period had expired." *Mezo v. Holder*, 615 F.3d 616, 620 (6th Cir. 2010) (quoting *Barry v. Mukasey*, 524 F.3d 721, 724 (6th Cir. 2008)).  Ms. Thomas correctly notes that in *United States v. Wong*, the Supreme Court held that equitable tolling is appropriate in certain

3

actions arising under the FTCA.  575 U.S. 402 (2015).  However, as the Sixth Circuit has noted, "disputes over tolling and accrual speak to application of the statute of limitations—not the exhaustion requirement—to plaintiffs' claim. *Bray*, 97 F. 4th at 416-17.  Here, the United States has not asserted that Ms. Thomas's claim is barred by the statute of limitations, and as such, concepts of equitable tolling have no application to the facts at hand.  Furthermore, holding this matter in abeyance would directly conflict with binding Sixth Circuit precedent which requires a plaintiff to bring a FTCA claim after, and only *after*, exhausting administrative remedies. *Kellom*, 86 F.4th at 292.  Consequently, Ms. Thomas's Complaint must be dismissed without prejudice, and she may initiate a new action after exhausting her administrative remedies with the appropriate federal agency.

III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1.  The United States' Motion to Dismiss **[R. 5]** is **GRANTED**;

2.  Plaintiff's Complaint **[R. 1-1]** is **DISMISSED WITHOUT PREJUDICE**;

3.  Plaintiff's Motion for Equitable Tolling **[R. 6]** is **DENIED**; and

4.  Judgment shall be entered accordingly.

This the 13th day of April, 2026.

Gregory F. Van Tatenhove
United States District Judge